UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAMELA TAYLOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-1071 (RBW) |
| ERIC CLARK,[1] and JOHN DOE, | ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

The plaintiff, Pamela Taylor, brings this civil action against defendant Eric Clark in his official capacity as a Deputy United States Marshal based on his alleged tortious acts. See Complaint ("Compl.") ¶¶ 18-32. Currently before the Court is defendant Clark's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that that this Court lacks subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C §§ 1346(b), 2674 (2006). Upon careful consideration of the plaintiff's complaint, the defendant's motion, and all memoranda of law related to that motion,[2] the Court concludes for the following reasons that the defendant's motion must be granted.

---

[1] Defendant Eric Clark is incorrectly identified in the caption of the complaint as "Marshal Clark." The Court has amended the caption accordingly, and will refer to this defendant as Eric Clark in this Memorandum Opinion.

[2] In addition to the documents already identified, the Court considered the following submissions in reaching its decision: (1) the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss the Complaint ("Def. Mem."), (2) the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint ("Pl.'s Opp'n"), and (3) the Defendant's Reply in Support of its Motion to Dismiss the Complaint ("Def.'s Reply").

# I. BACKGROUND

This action arises out of an incident that occurred on March 17, 2010. Compl. ¶ 9. On that date, the plaintiff was ordered by a Judge of the Superior Court of the District of Columbia ("Superior Court") to be detained at the District of Columbia Central Detention Facility ("D.C. Jail") pending her trial on a charge of simple assault. Def.'s Reply at 4. Before being transported to the D.C. Jail, the plaintiff was temporarily detained in a holding cell at the Superior Court in the custody of the United States Marshals Service ("Marshals Service"). Pl.'s Opp'n at 2; Def.'s Mem. at 2. While in the holding cell, the plaintiff began conversing with other detainees. Compl. ¶¶ 11-12. Defendant Clark allegedly told her to stop talking, to which the plaintiff responded: "Alright you got it." Id. ¶ 12. The plaintiff alleges that Clark then "grabbed [her] . . . and slammed her face to the ground." Id. ¶ 13. As a result of Clark's alleged actions, the plaintiff contends that she suffered a fractured nose, two broken teeth, facial lacerations, black eyes, a cervical spine strain, a dorsal spine strain, a lumbosacral strain, and a concussion. Id.

The plaintiff thereafter instituted this action in the Superior Court on March 16, 2011, asserting claims against Clark and an unidentified John Doe defendant—both employees of the Marshals Service—for assault, battery, intentional infliction of emotional distress and negligent infliction of emotional distress, see id. ¶¶ 18-32, and requesting compensatory and punitive damages, id. at 6. On that same date, the plaintiff filed an administrative FTCA claim with the Marshals Service concerning the same incident. Def.'s Reply at 2. The United States Attorney's Office for the District of Columbia, on behalf of the United States, subsequently filed a certification under the Westfall Act, 28 U.S.C § 2679(d)(1), to substitute itself as the defendant. Defendant Clark then removed this case to this Court on June 9, 2011, and, on June 16, 2011,

moved to dismiss pursuant to Rule 12(b)(1). In support of his motion, Clark contends that this Court lacks subject matter jurisdiction because (1) the plaintiff's claims are barred by the doctrine of sovereign immunity, and (2) the plaintiff failed to exhaust her administrative remedies. Def.'s Mem. at 3-5.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the Court's jurisdiction," and thus "the Court is obligated to determine whether it has subject matter jurisdiction in the first instance." Curran v. Holder, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (internal citation and quotation marks omitted). When reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept as true all the factual allegations in the complaint. Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Because it is presumed that "a cause lies outside [federal courts'] limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 77 (1994), when a party moves to dismiss under Rule 12(b)(1), "the plaintiff[ ] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction," Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004).

## III. ANALYSIS

### A. Substitution of the United States as the Defendant

The Federal Employees Liability Reform and Tort Compensation Act of 1988, also known as the Westfall Act, "'accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties.'" Wuterich v. Murtha, 562 F.3d 375, 380 (D.C. Cir. 2009) (quoting Osborn v. Haley, 549 U.S. 225, 229 (2007)). Under that Act, "when a federal employee is named in a tort suit, the Attorney General

3

or his designee may certify that the employee was 'acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" Id. (quoting 28 U.S.C. § 2679(d)(1)). "Upon the Attorney General's certification, the tort suit automatically converts to an FTCA 'action against the United States' in federal court; the Government becomes the sole party defendant; and the FTCA's requirements, exceptions, and defenses apply to the suit." Harbury v. Hayden, 522 F.3d 413, 416 (D.C. Cir. 2008) (quoting 28 U.S.C. § 2679(d)(1)).

Although a Westfall Act certification is conclusive for the purposes of removal, see 28 U.S.C. § 2679(d)(2), such a certification is not necessarily conclusive as to the substitution of the federal government as the defendant. Indeed, "[a] plaintiff may contest the Attorney General's scope-of-employment certification before a district court." Wuterich, 562 F.3d at 381 (citing Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995)). As the Circuit explained in Wuterich:

> Once a plaintiff advances this argument, the certification "constitute[s] prima facie evidence that the employee was acting within the scope of his employment." . . . To rebut the certification and obtain discovery, a plaintiff must "alleg[e] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment." . . . If a plaintiff meets this pleading burden, he may, if necessary, attain "limited discovery" to resolve any factual disputes over jurisdiction.
>
> This court has made it clear that "[n]ot every complaint will warrant further inquiry into the scope-of-employment issue." . . . Consequently, where a plaintiff fails to allege sufficient facts to rebut the certification, the United States must be substituted as the defendant because the federal employee is absolutely immune from suit.

Id. (internal citations omitted; alterations in original).

"To determine whether an employee was acting within the scope of his employment under the Westfall Act, courts apply the respondeat superior law of the state in which the alleged tort occurred." Id. at 383. "District of Columbia law, which applies in this case, defines the

4

scope of employment in accordance with the Restatement (Second) of Agency (1958)." Wilson v. Libby, 535 F.3d 697, 711 (D.C. Cir. 2008) (citation omitted). The Restatement provides in pertinent part that:

> Conduct of a servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
>
> (b) it occurs substantially within the authorized time and space limits;
>
> (c) it is actuated, at least in part, by a purpose to serve the master, and
>
> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

Restatement (Second) of Agency § 228(1). "[T]he test for scope of employment is an objective one, based on all the facts and circumstances." Wilson, 535 F.3d at 711 (internal quotation marks and citation omitted; alteration in original).

Here, the Court finds that the plaintiff has failed to rebut the United States's scope-of-employment certification. In seeking to carry her burden, the plaintiff claims that Clark's "action[s] of grabbing [the p]laintiff by the neck and slamming her on the floor just because she was talking while in the holding cell [was] a personal adventure and [had] no purpose of furthering his employer's interest." Pl.'s Opp'n at 4. However, Clark's duties as a United States Marshal included the oversight of prisoners detained at the Superior Court holding cell. See Def.'s Reply at 4; see also 28 C.F.R. § 0.111(j) (charging the Marshals Service with the "[s]ustention of custody of Federal prisoners from the time . . . of their remand to a marshal by the court"); D.C. Code § 11-1729 (2011) ("The United States Marshal for the District of Columbia shall continue to serve the courts of the District of Columbia, subject to the supervision of the Attorney General of the United States"). Those duties implicitly entail the use of physical force to discipline or restrain disobedient prisoners. Thus, rather than amounting to a

5

"personal adventure," Clark's alleged actions of "grabbing" the plaintiff and "slamming her on the floor" were undertaken, at least in part, to further his employer's interest in maintaining discipline among detainees at the Superior Court holding cell. In other words, the alleged torts were "'incidental to the defendants' legitimate employment duties.'" Harbury, 522 F.3d at 422 (quoting Rasul v. Myers, 512 F.3d 644, 659 (D.C. Cir. 2008)). That Clark's alleged actions could be viewed as excessively violent does not affect the Court's scope-of-employment analysis, for there are "several D.C. cases holding that seriously criminal and violent conduct can still fall within the scope of a defendant's employment under D.C. law—including sexual harassment, a shooting, armed assault, and rape." Id. (collecting cases). The Court therefore finds that the plaintiff has failed to carry her burden of rebutting the Westfall Act certification. As a result, her claims are properly converted into FTCA claims against the United States.

**B.     Administrative Exhaustion for the Plaintiff's FTCA Claims**

"Absent waiver, the doctrine of sovereign immunity shields the federal government from suit." Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). The FTCA provides "a limited waiver of the government's sovereign immunity." Id. (citing United States v. Orleans, 425 U.S. 807, 813 (1976)). But, before bringing suit in federal court under the FTCA, "claimants must exhaust their administrative remedies." Hoffman v. District of Columbia, 643 F. Supp. 2d 132, 137 (D.D.C. 2009). This administrative exhaustion component of the FTCA, also known as the Act's "presentment requirement," is a "jurisdictional prerequisite to filing suit." GAF Corp. v. United States, 818 F.2d 901, 904 (D.C. Cir. 1987). The requirement is satisfied once the claimant "presents[s] the claim to the appropriate [f]ederal agency" and the claim is "finally denied by the agency." 28 U.S.C. § 2675(a) (2006). "If the agency issues a final written denial of the claim or

fails to resolve the claim within six months, the claimant may commence suit in district court." Hoffman, 643 F. Supp. 2d at 138 (citing 28 U.S.C. § 2675(a)).

Conceding her failure to exhaust her administrative remedies, the plaintiff acknowledges that she filed her administrative claim with the Marshals Service in March 2011, and had not obtained a final decision from the agency when this action was filed on March 16, 2011. See Pl.'s Opp'n at 4. She nonetheless seeks to reconcile the exhaustion omission by arguing that this action was not "filed under [the] FTCA and as such is not guided by the necessary administrative remedies under the FTCA." Id. at 4. This contention is of course unavailing because, as discussed above, this suit has been converted to an FTCA action against the United States as a consequence of the United States's Westfall Act certification, and so the "FTCA's requirements, exceptions, and defenses apply to the suit." Harbury, 522 F.3d at 416.

Alternatively, the plaintiff urges the Court to "stay this matter for two . . . months to allow the six month[] time period required for the agency to admit or deny [the p]laintiff's claim to lapse." Pl.'s Opp'n at 4. The Court cannot accommodate this request, however, as the FTCA's exhaustion requirement is a "jurisdictional prerequisite to filing suit," and the Court is obligated to dismiss cases over which it lacks subject matter jurisdiction. See GAF, 818 F.2d at 904. Until the plaintiff exhausts her administrative remedies, the Court has no jurisdiction to entertain this case.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction. Accordingly, the defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) is granted.

**SO ORDERED** this 4th day of November, 2011.[3]

REGGIE B. WALTON
United States District Judge

---

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.